UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES SUDBERRY, | Case No. 1:11-cv-431 |
| Plaintiff | Barrett, J. |
| | Litkovitz, M.J. |
| vs | |
| WARDEN JACKSON, et al., | **REPORT AND** |
| Defendants | **RECOMMENDATION** |

Plaintiff James Sudberry is an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio and a frequent filer in this Court. He brings this latest action against Warren Correctional Institution (WCI) Warden Wanza Jackson, the Director of the Ohio Department of Rehabilitation and Correction, over thirty WCI and SOCF employees, and six federal judges. Mr. Sudberry has recently submitted numerous documents to the Clerk of Court, the majority of which are illegible. As best the Court can discern, Mr. Sudberry alleges he has not been treated fairly by the Courts or the judicial system with respect to the many cases he has filed over the past 12 years. The cover page of his form complaint is styled "Independent Action Rule 60(B)" and he appears to be seeking review of the dismissal of many of his previous cases. Mr. Sudberry also recounts the many cases he has filed in this Court and gives a "Litany of Discrimination Since Placement in ODRC Custody 2000," listing in conclusory fashion fourteen different causes of action. As relief, he wants "people fired, monetary damages, policy changes, and more to be announced at trial."

Mr. Sudberry has failed to submit the $350.00 filing fee or a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2). The Court will not enter a deficiency order in this

regard, however, because Mr. Sudberry is not entitled to proceed with this matter *in forma pauperis* in any event in view of his history of frivolous litigation.  He has been banned from proceeding *in forma pauperis* in the federal courts under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), because he has had more than three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See Sudberry v. Ohio Dept. of Rehabilitation and Correction,* Case No. 1:05-cv-629 (S.D. Ohio Dec. 16, 2005) (Doc. 6) (dismissed for failure to state a claim for relief); *Sudberry v. Rome,* Case No. 1:07-cv-597 (S.D. Ohio Sept. 20, 2007) (Doc. 6) (dismissed as frivolous and for failure to state a claim for relief); *Sudberry v. Ohio Dept. of Rehabilitation and Correction*, Case No. 1:08-cv-211 (S.D. Ohio May 21, 2008) (Doc. 7) (dismissed as frivolous and for failure to state a claim for relief).

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g).  The Court can discern no factual basis for concluding that Mr. Sudberry is under any immediate or impending serious physical injury to qualify for the statutory exception to the three strikes rule.  Because Mr. Sudberry has failed to allege particular facts showing "imminent danger of serious physical injury," he may not proceed *in forma pauperis* in this case.  Mr. Sudberry is hereby assessed the full filing fee of $350.00.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  *See also In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).

In addition, the Court finds Mr. Sudberry's complaint must be sua sponte dismissed as frivolous, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from defendants who are immune from such relief.  *See* Prison Litigation Reform

Act of 1995 § 805, 28 U.S.C. § 1915A(b).  The majority of Mr. Sudberry's allegations are rambling, incomprehensible, and illegible.  The complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights.  In addition, much of plaintiff's complaint against the defendants is improperly composed entirely of either pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  As such, the complaint fails to state a claim upon which relief may be granted.  Finally, the complaint against the judicial defendants must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity.  *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997).

It is therefore **RECOMMENDED** that the complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b).

Date: 8/8/2011                               s/Karen L. Litkovitz
                                             Karen L. Litkovitz
                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SUDBERRY,  
    Plaintiff

vs

WARDEN JACKSON, et al.,  
    Defendants

Case No. 1:11-cv-431  
Barrett, J.  
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).